| | | |
|---|---|---|
| **SYDNEY PETITE** | * | **NO. 2023-CA-0262** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JOHN L. HINDS, III** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-05327, DIVISION "I-14"
Honorable Lori Jupiter, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*
**On Application for Rehearing**

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Tiffany Gautier Chase)

**BELSOME, J. CONCURS IN PART AND DISSENTS IN PART WITH
REASONS.**


Gordon J. Kuehl
HOFFMAN NGUYEN & KUEHL, LLC
643 Magazine Street
Suite 401
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE


Bernard Louis Charbonnet
David M. Fink
THE LAW OFFICE OF BERNARD L. CHARBONNET, JR., A
PROFESSIONAL LAW CORPORATION
365 Canal Street
Suite 1155
New Orleans, LA 70130

Desiree Mary Charbonnet
LAW OFFICE OF DESIREE M. CHARBONNET, LLC
365 Canal Street
Suite 1100
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLANT

**REHEARING GRANTED;
ORDER OF PROTECTION
MODIFIED; CASE REMANDED
WITH INSTRUCTIONS
DECEMBER 04, 2023**

Appellant, John Hinds, III (hereinafter "Mr. Hinds"), seeks rehearing of this Court's October 31, 2023 opinion. This Court's opinion affirmed the trial court's issuance of an Order of Protection pursuant to La. R.S. 46:2136, *et seq* on behalf of Appellee, S.P. and her minor child, L.H. The trial court's judgment was based on a finding that S.P. met her burden of proof in establishing a violation of La. R.S. 46:2136, *et seq*. Affirming the trial court's judgment, we found that the trial court did not abuse its discretion in granting the Order of Protection, which we noted expired on July 4, 2024. Mr. Hinds filed an application for rehearing pointing out that several provisions of the Order of Protection "do not expire." He contends that the indefinite nature of several of the provisions of the protective order constitute an abuse of discretion. We agree and grant rehearing to reverse the indefinite portions of the Order of Protection.

In 2015, the Louisiana Legislature revised La. R.S. 46:2136, *et seq* (hereinafter "the Act") allowing the court to grant an indefinite Order of Protection as to certain provisions. The Act provides, in pertinent part:

> (F)(1) Except as provided in Paragraph (2) of this Subsection, any final protective order or approved consent agreement shall be for a

1

fixed period of time, not to exceed eighteen months, and may be extended by the court, after a contradictory hearing, in its discretion. Such protective order or extension thereof shall be subject to a devolutive appeal only.

(2)(a) For any protective order granted by the court which directs the defendant to refrain from abusing, harassing, or interfering with the person as provided in R.S. 46:2135(A)(1), the court may grant the order to be effective for an indefinite period of time as provided by the provisions of this Paragraph on its own motion or by motion of the petitioner.

La. R.S. 46:2136 (F)(1) and (2). The indefinite provisions ordered by the trial court are found on page 3 of 8 of the Louisiana Protective Order Registry Form 3 v.14 (hereinafter "the LPOR Form") and are listed as provisions 1-5. In assessing petitions of protection, filed in accordance with the Act, a trial court should assess the totality of the circumstances presented to ensure that there is "good cause" in issuing an indefinite Order of Protection. *See generally Lassair on Behalf of T.P.J. v. Paul*, 2022-0320, p. 5 (La.App. 4 Cir. 12/14/20), 353 So.3d 1048, 1051-52; *See D.M.S. v. I.D.S.*, 2014-0364, p. 15 (La.App. 4 Cir. 3/4/15), 225 So.3d 1127, 1137-38.

The trial court checked only boxes 1-4 on the Order of Protection and omitted box 5. Our review of the record and consideration of the totality of evidence suggests that ordering an indefinite Order of Protection, under the facts and circumstances of this case, is unwarranted. Therefore, we find the trial court abused its discretion in granting the indefinite provisions of the Order of Protection.

We therefore grant rehearing and reverse the indefinite portions of the Order of Protection found on page 3 of 8 of the LPOR Form. La. R.S. 46:2136.2(C) requires all Orders of Protection be uniform and placed on the form developed,

2

approved and distributed by the Louisiana Supreme Court's judicial administrator's office. Accordingly, we remand this matter to the trial court, Domestic Relations Section II of Civil District Court for the Parish of Orleans, with instructions for the trial court to amend the Order of Protection, by deleting the indefinite provisions. Once the Order of Protection is amended, the order, which shall expire on July 4, 2024 shall be forwarded to the Louisiana Protective Order Registry as required by statute.

**REHEARING GRANTED;
ORDER OF PROTECTION
MODIFIED; CASE REMANDED
WITH INSTRUCTIONS**